**In re HENRY.**

No. 20598.

District Court, W. D. Pennsylvania.

April 15, 1943.

J. Raymond Sowash, of Greensburg, Pa., referee in bankruptcy.

Harry E. Cope, of Greensburg, Pa., executor and trustee of estate of Cyrus P. Cope, deceased.

Everett S. C. Sorber, of Greensburg, Pa., for trustee.

Eicher & Eicher, of Greensburg, Pa., for bankrupt.

Frank W. Stonecipher, of Pittsburgh, Pa., for landlord.

William M. Kahanowitz, of Greensburg, Pa., for execution creditor and landlord.

GIBSON, District Judge.

The order of distribution by the Referee has been certified to this court for review pursuant to exceptions thereto by Harry E. Cope, executor and trustee of the estate of Cyrus P. Cope, deceased.

The first exception is to the failure of the Referee to allow the full claim of the exceptant for rent for the bankrupt's premises during the period from the filing of the bankruptcy petition to the time when the trustee gave up possession. The petition was filed on June 16, 1939, and the trustee surrendered possession on September 20, 1939, and the exceptant claimed rent as an administrative expense at the rate of $125 per month in amount of $345.91. The Referee, asserting that the trustee was not in actual possession of the property until August 5, 1939, allowed the rent in amount of $187.50 from that date to September 20, 1939.

Shortly before the bankruptcy petition was filed the exceptant entered a judgment of $3,300 against the bankrupt for rent due and issued an execution thereon. Ten days delay ensued pending a possible settlement. The settlement failing to materialize, the bankrupt gave a bill of sale to the exceptant for the goods in the store. The bankrupt at the time was unquestionably insolvent and the requirement of the Bulk Sales Act, 69 P.S.Pa. § 521 et seq., had not been met, and consequently the bill of sale was a nullity. That it was so regarded by the exceptant himself is apparent from the fact that several days later, and prior to the bankruptcy petition, he caused the sheriff, pursuant to the execution, to advertise for sale the contents of the store as the goods of the bankrupt. Before the sale so advertised the bankruptcy intervened, a receiver was at once appointed and the sale was enjoined. The exceptant moved to vacate the injunction. This motion, contrary to the regular procedure, was heard by agreement before the Referee, who, after some delay and testimony taken, denied the motion. Thereupon the exceptant had the matter certified to this court and a Judge thereof sustained the Referee. In the meantime, however, the contents of the store had been sold by agreement and the claims were transferred to the fund.

It seems plain that the Referee was correct in holding that the exceptant was not entitled to the whole fund by virtue of the lien of his execution. See Bankruptcy

Act, as amended, Section 67, sub. c, Section 64, sub. a, clauses (1) and (2), 11 U.S.C.A. § 107, sub. c, § 64, sub. a(1, 2).

A different conclusion seems to be called for in respect to the Referee's reduction of the rent claim for the period from June 16, 1939 to September 20, 1939.

 The title of the trustee in bankruptcy began with the filing of the voluntary petition. The appointment of the receiver gave him the right of possession of bankrupt's property. If the order of the court were disobeyed, application to it would have brought about prompt possession, as any claim of title adverse to that of the bankrupt by reason of the bill of sale was quite without weight. Although the claims of the exceptant may have induced (but not caused) the delay of the receiver in taking possession, the exceptant had no right to, and was kept out of, enjoyment of his property until surrender of it by the trustee in bankruptcy by virtue of the appointment of the receiver. This being undoubtedly so, he should not be punished for mistaken claims which could have been set aside very promptly.

The allowances for fees, in view of the small size of the estate administered, seem rather large. However, the court has no knowledge of the amount of labor required or the circumstances of it, and therefore will not undertake to reduce them, but will confine its action to sustaining the exception relating to the reduction of rent for the period between June 16, 1939 and September 20, 1939.